Filed 1/27/23  P. v. Commandor CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080232 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS312012) |
| BRIAN COMMANDOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Enrique E. Camarena, Judge.  Affirmed.

Elisabeth A. Bowman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Brian Commandor of importation of a controlled substance (Health and Saf. Code, § 11379, subd. (a)) and of possession for sale of a controlled substance (Health and Saf. Code, § 11378).  Commandor admitted a strike prior (Pen. Code, § 667, subds. (b)-(i)).

Commandor's motion to strike the prior was denied and he was sentenced to a determinate term of seven years in prison.

Commandor filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende.* We offered Commandor the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

Appellate counsel has set forth an accurate summary of the evidence in the opening brief. We will adopt that statement of facts in this opinion for convenience.

Officer Jose Guerrero has been with the U.S. Customs and Border Protection for almost 10 years and is currently a supervisor at the K-9 unit. Guerrero was a K-9 officer for six years. On November 27, 2019, at approximately 8:30 p.m., Guerrero was on duty as a K-9 officer with Customs and Border Protection at the San Ysidro Port of Entry pedestrian lane in San Diego County. He was working with the K-9 named Maca.

While he was working, Guerrero interacted with Commandor. As Commandor approached, Maca displayed a change in behavior; her tail started wagging, her respiration increased, she made contact with the wheelchair, put her nose on the pillow, and sat down. That indicated to Guerrero that Maca was as close as possible to narcotics. Guerrero, Maca, and Commandor went into secondary where Guerrero notified the officers that he had an alert to the pillow in the wheelchair. Thereafter, Guerrero had no further contact with Commandor.

Officer Christian Fernandez has been a Customs and Border Protection officer at the San Ysidro Port of Entry since January 3, 2018. On November 27, 2019, at about 9:30 p.m., Fernandez was assigned to screen Commandor

because Guerrero told him there was a K-9 alert on him. Fernandez took Commandor to secondary to conduct a more thorough inspection of Commandor and his belongings. When Fernandez inspected the pillow on the wheelchair, it was heavier than usual and contained crunchy packages. Fernandez knew immediately that it was methamphetamine.

Fernandez moved Commandor to the security office and took the pillow to the seized contraband coordinator. He cut the pillow open with a pair of scissors, removed the packages, weighed the narcotics, and placed a call to Homeland Security Investigations. When Fernandez saw one of the packages of narcotics, it confirmed his belief that it was methamphetamine. There was a total of eleven packages inside the pillow. Fernandez put the packages on the scale to determine their total weight which was 5.86 kilograms.

Fernandez arrested Commandor for transportation of narcotics, a controlled substance, into the United States.

Officer Christopher Cabugos has been an officer with Customs and Border Protection at the San Ysidro Port of Entry for almost eight years; he facilitates the traffic in and out of San Ysidro. On November 27, 2019, Cabugos was a lead for SCC (Seized Contraband Facility) where they do the drug testing. Fernandez had a package for Cabugos to test. He was given a random package from the inside of the pillow to test; it tested positive for methamphetamine.

Special Agent Gary Roy has worked with Homeland Security Investigations for about three and a half years. He is assigned to the contraband smuggling group. Roy received a call from dispatch on November 27, 2019, regarding a drug seizure at the San Ysidro Port of Entry. Roy responded to the call, arriving close to midnight, and contacted Commandor. During Roy's testimony, the prosecution asked him to opine on two

3

hypotheticals which tracked the facts of this case. Roy opined that the subject of the hypotheticals was involved in smuggling methamphetamine/illegal narcotics into the United States for sales.

Roy has no specific knowledge as to what Commandor was paid.

No cell phone information was recovered as part of the investigation.

Stipulation of the Parties

The 11 packages seized from the defendant's wheelchair by Officer Fernandez were sent to the D.E.A. southwest laboratory where they were properly tested and weighed by a forensic chemist.

The packages were found to contain the following controlled substances in the following quantities: A net weight without any packaging of 4,402 grams plus or minus 1 gram of methamphetamine. It is stipulated that 4, 402 grams is equivalent to 4.402 kilograms.

So stipulated by Katherine Johnson and Dan Tandon.

**Prior Offense**

Officer Jason Salvador Renteria is a Customs and Border Protection officer at the San Ysidro Point of Entry, currently assigned to the contraband enforcement team. He has been with Customs and Border Protection for about nine years and has been with the contraband team for the last couple of years. On September 5, 2016, at about 6:30 p.m., Renteria screened Commandor, who was in a wheelchair with a pillow, at secondary pedestrian inspections because he had no driver's license or passport—nothing to indicate what his citizenship was. As part of the screening, Renteria conducted a pat-down of Commandor. Renteria felt something that he thought warranted further inspection, so he escorted Commandor to the security office and requested a pat-down inspection, which is a further level of inspection. Renteria cut open the stitching on the pillow and found a

4

package he suspected to be methamphetamine. Renteria tested the contents of the package and it tested positive for methamphetamine. The packaging and its contents weighed 969.8 grams, approximately 2 pounds. Renteria impounded the package of methamphetamine under case No. 2016250400211501.

**Defense**

Prior to crossing the border into the United States, Commandor, stayed overnight in a hotel room in Mexico. Commandor kept his wheelchair outside his hotel room. Commandor does not have full feeling in his lower body and buttocks, and he did not feel anything unusual when he sat back down on the pillow in his wheelchair. Commandor was surprised when he was taken to secondary inspection at the border; he had no knowledge whatsoever that there were drugs in the pillow of his wheelchair, no one offered him money to take drugs across the border, he had no cell phone to communicate with anyone regarding the transportation of drugs across the border, and he had no agreement to meet anyone after entering the United States.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether the court abused its discretion in denying Commandor's motion for mistrial.

2. Whether the court abused its discretion in denying Commandor's motion to strike his "strike" prior.

5

3.  Whether the court abused its discretion in granting the prosecution's motion to strike Commandor's post-*Miranda* statements.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Commandor on this appeal.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DO, J.